IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                            Cr. No. 09-3372 JH

ALFREDO GOMEZ-GRANADOS,

        Defendant.

### ORDER

This matter comes before the Court on the Government's *Motion in Limine to Exclude Evidence*, filed December 18, 2009 [Doc. 16].[1] The Court having carefully considered the motion, briefs, and relevant law, and being otherwise fully informed, finds that the motion should denied.

Defendant is charged with illegally re-entering the U.S. after having been deported, excluded, or removed, in violation of 8 U.S.C. §§ 1326(a) and (b). *See* Doc. 35. The Government's motion seeks to preclude Defendant from making any claim that: (1) Defendant was not aware that he entered the United States illegally; (2) Defendant believed he was authorized to enter the United States; (3) Defendant was not aware of his prior deportation when he entered the United States; or (4) Defendant returned to the United States for a reason. Defendant has indicated his intent to offer two related theories for why he re-entered the United States, which appear to implicate the first claim that the Government seeks to preclude, but

---

[1] On December 18, 2009, the Government also filed a *Motion in Limine to Preclude Defendant from Informing the Jury of the Statutory Maximum Sentence and the Advisory Guideline Sentence* [Doc. 17]. Defendant agrees that any discussion of a possible sentence or consequence of an unfavorable verdict would be inappropriate, does not intend to discuss such possible sentences, and does not oppose the Government's motion. *See* Doc. 25.

Defendant does not give any indication of offering any evidence related to any of the other claims that he Government seeks to preclude.. *See* Doc. 28.  Defendant apparently intends to claim that, on the night he re-entered the United States,  Mexican drug cartels and the Mexican police were pursuing him with the goal of murdering him, so he ran in an attempt to flee his pursuers. *See id*. at ¶¶ 4-6.  Defendant will also apparently claim that, in addition to being in a panic about being pursued, he was intoxicated and somewhat disoriented, and these elements combined to prevent him from knowing where he was going or realizing that he had entered the United States  Defendant claims that, because he was unaware he had entered the United States, he cannot be held criminally liable.  *See id*. at ¶¶ 3, 7. and 8.

The Government is correct that re-entry of a removed alien is a crime of general intent rather specific intent, and that to convict a defendant under 8 U.S.C. § 1326, "the only intent the Government must prove is the general intent to do the prohibited act, to-wit enter." *United States v. Martinez-Morel*, 118 F.3d 710, 713 (10th Cir. 1997) (internal citations omitted).  Therefore, any belief on a defendant's part that he had not previously been deported or that he was authorized to enter the United States, no matter how honestly held, would not be relevant. *See id*.; *United States v. Miranda-Enriquez,* 842 F.2d 1211, 1213 (10th Cir. 1988).  Similarly, evidence that a defendant had a reason to enter the United States, no matter how compelling, is not relevant and is therefore inadmissible.  *See United States v. Hernandez-Baide*, 392 F.3d 1153, 1158 (10th Cir. 2004).

The Government apparently believes that Defendant intends to use his contention that he crossed over into the United States while running from murderous drug cartels and the Mexican police to support a duress defense, and it spends a good deal of effort arguing why a duress defense should be excluded at trial.  *See* Doc. 30 at 4-6.  However, the Court has no reason to

believe that Defendant intends to present a duress defense, as he has not given any notice of his intent to present such a defense, nor has he requested a jury instruction supporting such a defense. Rather, it appears that Defendant intends to argue that his blind panic in fleeing his pursuers caused him to inadvertently enter the United States, and that he was not aware that he was doing so. Regardless of the plausibility of this argument, it is a permitted defense. While a defendant need not know he was breaking the law by entering the United States, he does need to enter the United States knowingly and voluntarily, rather than by mistake. *See, Martinez-Morel*, 118 F.3d at 713 (one of the elements the Government must prove to obtain a conviction under 8 U.S.C. § 1326 is that, after arrest and deportation, the defendant "thereafter voluntarily and knowingly was found in the United States")[2]; *Miranda-Enriquez*, 842 F.2d at 1212 ("the government need not show that defendant willfully and knowingly engaged in *criminal* behavior, but only that...the defendant willfully and knowingly reentered the United States and that he did so without the Attorney General's permission.") (emphasis in original). Therefore, solely for the purpose of supporting his argument that he accidentally entered the United States, Defendant will be permitted to offer evidence that he was fleeing from pursuers.

The Government also argues that Defendant should not be able to present a defense of voluntary intoxication, and cites *United States v. Hernandez-Hernandez*, 519 F.3d 1236 (10th Cir. 2008). In *Hernandez-Hernandez*, another illegal re-entry case, the defendant claimed that he had alcohol-induced amnesia, and was unable to recall whether he entered the United States

---

[2] The Tenth Circuit has pointed out the confusing nature of the term "knowingly was found" as used in case law and in the Tenth Circuit Pattern Jury Instructions § 2.05. *See United States v. Hernandez-Hernandez*, 519 F.3d 1236, 1239 n. 4 (10th Cir. 2008). While confusing, it is nonetheless clear that the term connotes the requirement that a defendant's act of entering the country be knowingly undertaken.

voluntarily or against his will.  The court rejected the defendant's argument, finding that, because he admitted that he may have voluntarily chosen to enter the United States, the defendant's intoxication was irrelevant without evidence that he was brought into the United States against his will.  *Id*. at 1241-42.  This holding is consistent with other lines of cases holding that voluntary intoxication is a defense to a crime requiring proof of specific intent, but not to a crime, such as illegal re-entry, that requires only proof of general intent.  *See United States v. Williams,* 403 F.3d. 1188, 1194 (10th Cir. 2005).  However, as the Court understands Defendant's likely argument, this case is distinguishable from *Hernandez-Hernandez*, and Defendant does not intend to present a voluntary intoxication defense.  Rather than arguing that he cannot recall whether or not he made the deliberate decision to enter the United States, Defendant in this case appears to be contending that he never intended to enter the United States, and is merely using the fact that he was intoxicated to help explain the confusion leading to his mistaken entry.  In this manner only, to the extent that it contributed to his disorientation, evidence of Defendant's intoxication is relevant to his permissible defense of accidental entry, and will be admitted for that purpose.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the Government's *Motion in Limine to Exclude Evidence* [Doc. 16] is denied.

_____
**UNITED STATES DISTRICT JUDGE**